# EXHIBIT P

| | | |
|---|---|---|
| U.S. Department of Labor | Wage and Hour Division<br>130 S. Elmwood Ave., Suite 534<br>Buffalo, New York 14202<br>Tel. (716) 842-3240<br>Fax (716) 842-3241 |  |

October 1, 2018

Daniel Henry
WD Henry & Sons, Inc.
7189 Gowanda State Rd.
Eden, NY 14057

Certified Mail No.: 7017 0530 0000 2493 8766
Case Number: 1850271

Subject: Administrator's Determination Pursuant to Compliance with the Immigration and Nationality Act (INA) as amended by the Immigration Reform and Control Act (IRCA)

Dear Mr. Henry:

An investigation of your operation relating to the contractual obligations applicable to employment of H2A and other workers under the Immigration and Nationality Act (INA) as amended by the Immigration Reform and Control Act (IRCA) (8 U.S.C. 1101(a) (15)(H)(ii)(a), 1184(c) and 1186), in NY, covering the period 09/12/2016 to 09/09/2018, disclosed that you failed to comply with Section 218 of the INA. The specific violation(s) are set forth below:

> 20 CFR 655.122(h)(1) – **Failure to comply with transportation to place of employment/daily subsistence requirement(s).** Specifically, the investigation disclosed that US workers were not reimbursed for travel from Puerto Rico to farm.

In addition, you agreed to fix any vehicle safety issues on a 2000 Chevy Van, Chevy Suburban and Yellow Bus prior to transportation of workers.

After a review of the circumstances surrounding this investigation, it has been determined that a civil monetary penalty, as provided for in the Immigration and Nationality Act **will not** be assessed. The fact that no penalty is being assessed for the violations found at this time does not preclude the taking of other enforcement action as is deemed appropriate by the Department of Labor, or of the assessment of a penalty if violations are found at some future time. Such other enforcement action may include injunctive action, specific performance of the work contract, and denial of temporary alien agricultural labor certification.

You have a right to request a hearing on the determination that any or all of the violation(s) occurred. Such request must be dated and in writing; must contain specific reasons why you believe that the violation(s) for which you have been charged did not occur; and must be received within 30 days from the date of this letter by the Administrator, Wage and Hour Division, U. S. Department of Labor, Washington, D. C. 20210, with a copy to this office. The procedure for requesting a hearing is provided in Section 501.33 of Regulations, 29 CFR 501. If a request for a hearing is not received within the time specified, the determination of the Administrator shall become a final and unappealable Order of the Secretary.

We would like to call to your attention that when a request for a hearing is filed with the Wage and Hour Administrator, the matter is referred to the Chief Administrative Law Judge. A formal hearing is then scheduled for a final determination with respect to the alleged violation(s). At such hearing you may, by yourself or through an attorney retained by you, present such witnesses, introduce such evidence and establish such facts as you believe will support your position.

Copies of Section 218 of INA and Regulations, 20 CFR Part 655 and 29 CFR Part 501 are enclosed for your reference and assistance.

Sincerely,

Michael S. Fitzgerald
Assistant District Director


cc: Regional Administrator

Enclosures:   Section 218, INA
              Reg. 20 CFR 655/501