UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROLANDO DIAZ REYES, HECTOR IVAN BURGOS
RIVERA, JOSE A. GARCIA MARRERO, KIDANNY
JOSUE MARTINEZ REYES and EDWIN COSME COLON
as individuals and on behalf of all other similarly situated
persons,

        Plaintiffs,

  v.

W.D. HENRY & SONS, INC., HENRY REALTY
ASSOCIATES, INC., DANIEL HENRY, and
MARK C. HENRY

        Defendants.

---

Civil Action No. 1:18-cv-01017

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR A STAY OF DISCOVERY PURSUANT TO FED. R. CIV. P. 26(C) PENDING A RULING ON THEIR MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

|   |   | Page(s) |
|---|---|---|
| PRELIMINARY STATEMENT……………………………………………... | | 1 |
| STATEMENT OF FACTS……………………………………………… | | 1 |
| ARGUMENT | ALL DISCOVERY SHOULD BE STAYED PENDING A RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT……………………………… | 1 |
| CONCLUSION…………………………………………………………….. | | 4 |

# TABLE OF AUTHORITIES

**Page(s)**

Davidson v. Goord,
    215 F.R.D. 73 (W.D.N.Y. 2003)    1

Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc.,
    2009 U.S. Dist. LEXIS 7905, 2009 WL 274483, *1    1, 2

Johnson v. New York Univ. School of Educ.,
    205 F.R.D. 433 (S.D.N.Y. 2002)    2

Steuben Foods, Inc. v. Country Gourmet Foods,
    2009 U.S. Dist. LEXIS 91219 *8    1

Transunion Corp. v. PepsiCo, Inc.,
    811 F.2d 127 (2d Cir. 1987)    1

## PRELIMINARY STATEMENT

Defendants respectfully submit this Memorandum Of Law in support of their motion for an Order pursuant to Fed. R. Civ. P. 26(c) staying discovery in this matter pending a determination of their motion for summary judgment pursuant to Fed. R. Civ. P. 56. In addition to Defendants' motion having substantial grounds and merit, it is submitted that Plaintiffs will not suffer any prejudice by the issuance of a stay and that the extensive nature of Plaintiffs' discovery demands is extremely burdensome, and in many instances, vague and overbroad.

## STATEMENT OF FACTS

The underlying facts of this action are fully set forth in the affidavits of Daniel Henry (Dkt. No. _), Bette Henry (Dkt. No. _), Mark Henry (Dkt. No. _) and Ryan O'Gorman (Dkt. No. _) and in the Statement Of Material Facts (Dkt. No._), all of which have been submitted by Defendants in support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56 and are incorporated herein by reference.

## ARGUMENT

### ALL DISCOVERY SHOULD BE STAYED PENDING A RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

"A request for stay of discovery pursuant to Fed. R. Civ. P. 26(c) requires a showing of good cause and is within the sound discretion of the court." Steuben Foods, Inc. v. Country Gourmet Foods, 2009 U.S. Dist. LEXIS 91219, at *8 (W.D.N.Y. 2009) citing Davidson v. Goord, 215 F.R.D. 73, 82 (W.D.N.Y. 2003); (Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987)). In determining whether good cause exists for purposes of staying discovery, the court balances "several relevant factors including the pendency of a dispositive motion, potential prejudice to the opposing party, the extensiveness of the requested discovery, and the burden of such discovery on the requested parties." Id. (citing Ellington Credit Fund, Ltd. v.

1

Select Portfolio Services, Inc., 2009 U.S. Dist. LEXIS 7905 (S.D.N.Y. Feb. 3, 2009)) . Furthermore, staying discovery is appropriate where the pending dispositive motion "appears to have substantial grounds" or "does not appear to be without foundation in law." *Id.* (citing Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)) (internal quotation marks omitted).

Application of the principles set forth above to the facts of this case warrant staying discovery pending the determination of Defendants' motion for summary judgment. First, Defendants' motion has "substantial grounds" and "does not appear to be without foundation in law." Specifically, a close review of Defendants' motion for summary judgment demonstrates that it includes significant documentary evidence which, if reviewed in conjunction with the case law and statutory authority referenced therein, establishes that Defendants are entitled to judgment, as a matter of law. It is further submitted that the discovery requested by Plaintiffs will not contradict the documentary evidence proffered by Defendants.

Second, the discovery demands served by Plaintiffs on November 26, 2018, are extremely burdensome and many of the documents requested by Plaintiffs have been produced as exhibits to Defendants' motion for summary judgment. More specifically, Plaintiffs served Plaintiffs' First Set Of Interrogatories on Defendants, Henry Realty Associates, LLC and W.D. Henry & Sons, Inc., which in the aggregate, contain thirty (32) demands, some of which contain multiple subparts. Plaintiffs also served document demands on Defendants Henry Realty Associates, LLC, Mark C. Henry, Daniel Henry and W.D. Henry & Sons, Inc. which, in the aggregate, contain two hundred and eleven (211) demands. Plaintiffs' document demands, in Defendants' opinion, are in many cases overly broad, vague and not relevant. It is submitted that it would take a significant amount of resources to respond to Plaintiffs' various demands. Also,

given the likelihood that there might be discovery disputes that would require the Court's intervention, Defendants respectfully submit that everyone's resources, including the Court's, might be better served by ruling on Defendants' summary judgment motion and determining, based on what will likely be a request by Plaintiffs under Fed. R. Civ. P. 56(f), whether discovery should go forward. Alternatively, it is possible that the Court could grant Defendants partial summary judgment which would, in turn, reduce the scope of discovery that would need to be conducted.

Finally, Defendants submit that Plaintiffs will not be prejudiced by the issuance of a stay. Plaintiffs' Complaint is quite lengthy and detailed. Presumably, Plaintiffs spent a significant amount of time conferring with and providing documentary and other evidence to their attorneys in connection with the preparation of the same. The Complaint sets forth detailed information regarding each Plaintiff and Defendant as well as each statute that Defendants are alleged to have violated. Plaintiffs certainly have the right to assert under Fed. R. Civ. P. 56 that there is information they need to oppose Defendants' motion. However, a review of Defendants' motion demonstrates that their basis for seeking the requested relief is predicated on the documentary evidence submitted therein. It is submitted that there are no other documents or interrogatory responses that would contradict that which is contained in the exhibits to Defendants' motion. It is further submitted that it is Defendants who would be prejudiced if a stay of discovery was not issued. As set forth above, Plaintiffs have served thirty-two (32) interrogatories and two hundred eleven (211) document demands that would take an inordinate amount of time to properly respond to. Defendants will presumably spend a significant amount of time and financial resources in responding to demands that might not be necessary if the Court first ruled on their motion for summary judgment.

3

Defendants are not seeking a stay of discovery for purposes of stalling or otherwise preventing Plaintiffs from pursuing what they believe to be legitimate claims. Rather, a stay is warranted in order to prevent the expenditure of unnecessary time and legal fees and this Court's resources.

## CONCLUSION

For all the reasons set forth herein, Defendants respectfully request that their motion for relief pursuant to Fed. R. Civ. P. 26(c) be granted.

Dated: December 18, 2018

*[signature]*

Chaim W. Jaffe, Esq.
SCOLARO FETTER GRIZANTI
 & McGOUGH, P.C.
Attorneys *for Defendants*
507 Plum Street, Suite 300
Syracuse, New York 13204
Telephone: (315) 471-8111
Emails: cjaffe@scolaro.com