UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROLANDO DIAZ REYES,
HECTOR IVAN BURGOS RIVERA,
JOSE A. GARCIA MARRERO,
KIDANNY JOSUE MARTINEZ REYES,
EDWIN COSME COLON, and on behalf of
all similarly situated persons,

      **DECISION
      and
      ORDER**

                Plaintiffs,

    v.

      **18-CV-1017V(F)**

W.D. HENRY & SONS, INC.,
HENRY REALTY ASSOCIATES, INC.,
DANIEL HENRY,
MARK C. HENRY,

                Defendants.
_____

APPEARANCES:    WORKER JUSTICE CENTER OF NEW YORK, INC.
                        Attorneys for Plaintiffs
                        JOHN A. MARSELLA,
                        ROBERT D. McCREANOR, of Counsel
                        1187 Culver Road
                        Rochester, New York    14609

                        SCOLARO FETTER GRIZANTI MCGOUGH & KING, P.C.
                        Attorneys for Defendants
                        CHAIM J. JAFFE, of Counsel
                        507 Plum Street, Suite 300
                        Syracuse, New York  13204


Plaintiffs bring this collective and class action alleging violations of the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1845(a) *et seq.* ("AWPA"), the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), related provisions of the New York Labor Law ("NYLL") and breach of contract. The gravamen of Plaintiffs' alleged violations is that Defendants, during the 2017 and 2018 growing

season, improperly displaced Plaintiffs, residents of Puerto Rico, considered to be domestic farm workers for purposes of the AWPA, as Defendants' farm workers engaged in planting and harvesting of crops, fruits and vegetables at Defendants' local family-owned 300 acre farm and discriminated against Plaintiffs and similarly situated domestic farm workers as domestic farm workers protected by the AWPA, FLSA and NYLL with respect to the terms and conditions of seasonal farm employment including hourly wage rates, hours of work, choice of work assignments, housing accommodations, and reimbursement of travel expenses, by substituting and favoring non-domestic, *i.e.*, foreign, workers, in this case workers primarily from Mexico, who were allowed to enter the United States and to work for Defendants under certification of the U.S. Department of Labor using H-2A guest worker visas.

On November 26, 2018, Plaintiffs served Plaintiffs' First Set of Interrogatories and Document Requests pursuant to Fed.R.Civ.P. 26(f) prior to a November 28, 2018 conference in which the parties participated. Defendants did not respond to Plaintiffs' discovery requests which seek information and documents for a class period of September 14, 2012 through September 30, 2018. Instead by papers filed December 18, 2018, Defendants filed Defendants' Motion for Summary Judgment (Dkt. 15), together with Defendants' Statement of Material Facts (Dkt. 16), a Memorandum of Law (Dkt. 22), and Defendants' affidavits and attached exhibits (Dkts. 17, 18, 19, 20 and 21), requesting Plaintiffs' action be dismissed on the merits. On the same date, Defendants filed, pursuant to Fed.R.Civ.P. 26(c), a motion to stay discovery pending the court's decision on Defendants' summary judgment motion (Dkt. 23), the Affidavit of Chaim J. Jaffe, Esq. (Dkt. 24), and Defendants' Memorandum of Law in support of Defendants'

motion to a stay, and for an expedited hearing on Defendants' motion to stay discovery (Dkt. 26), together with the Affidavit of Chaim J. Jaffe, Esq. (Dkt. 28) ("Defendants' motions").

On January 2, 2019 (Dkt. 42), the court stayed further action on Defendants' motions pending oral argument on Defendants' motion for a stay scheduled for January 22, 2019 (Dkt. 43). Plaintiffs' Memorandum of Law in Opposition to Defendants' motions was filed January 9, 2019 (Dkt. 44), with the Affidavit of John Anthony Marsella, Esq. (Dkt. 44-1) together with Exhibit A, a document obtained from the United States Department of Labor regarding the Department's investigation of wage and hour complaints against Defendants. The Reply Affidavit of Defendant Daniel M. Henry was filed January 17, 2019 (Dkt. 47), along with Defendants' Reply Memorandum of Law (Dkt. 48). Following oral argument on January 22, 2019 with decision reserved, Plaintiffs filed a letter in further opposition to Defendants' motions (Dkt. 51) ("Plaintiffs' January 24, 2019 Letter"); Defendants' letter correcting a misstatement by Defendants at oral argument was filed on January 24, 2019 (Dkt. 50); Defendants' response to Plaintiffs' January 24, 2019 Letter was filed on January 28, 2019 (Dkt. 54).

"A request to stay discovery pursuant to Fed.R.Civ.P. 26(c) requires a showing of good cause and is within the sound discretion of the court." *Steuben Foods, Inc. v. Country Gourmet Foods, LLC*, 2009 WL 3191464, at *3 (W.D.N.Y. Sept. 30, 2009) (citing caselaw). "A finding of good cause for a stay of discovery requires the court to balance several relevant factors including the pendency of a dispositive motion, potential prejudice to the opposing party, the extensiveness of the requested discovery, and the burden of such discovery on the requested parties." *Id.* (citing caselaw). "A

stay of discovery is proper where the pending dispositive motion 'appears to show substantial grounds' or 'does not appear to be without foundation in law.'" *Id.* (quoting *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (internal citation and quotation marks omitted). Defendants' motion for summary judgment is based on a plethora of business records (approximately 2,600 pages) purporting to rebut Plaintiffs' allegations that Defendants discriminated against Plaintiffs as domestic farm workers regarding hours of work, wage rates, terms and conditions of employment such as promised work assignments and bonuses, housing accommodations, and reimbursement of travel expenses. Defendants' records also document Plaintiffs' employment history including hiring and voluntary and involuntary terminations. According to Plaintiffs, agricultural employers like Defendants of H-2A employees are prohibited from discriminating against domestic employees like Plaintiffs by favoring H-2A workers, which Defendants do not dispute. It is also undisputed that H-2A workers are required to be paid at a higher hourly wage – $12.38 – than are domestic workers – $9.70 (N.Y. state law minimum wage), unless the domestic worker performed work similar to that performed by a H-2A worker referred to as "corresponding employment"); however, an employer is not subject to FICA taxes on H-2A wages.

      Here, the court's review of the voluminous record in support of Defendants' motion for summary judgment indicates Defendants' motion for summary judgment has substantial merit. Foremost is that the gist of Plaintiffs' claims arise from Defendants' alleged discriminatory treatment of Plaintiffs as protected domestic farm workers with respect to wages and hours of their employment with Defendants, a primary subject of a

recent, 2018, five and one-half month, April 12, 2018 – October 1, 2018, investigation of Defendant W.D. Henry & Sons, Inc., conducted by the U.S. Department of Labor ("DOL"), with the result that only a single violation of 20 C.F.R. 655.122(h)(1), failure to reimburse Plaintiffs' travel from Puerto Rico to Defendants' farm, was determined by the DOL (Dkt. 17-16 at 2), a failure which Defendants aver has since been remedied. *See* Dkt. 16 ¶¶ 39-40; Dkt. 18 at 5 ¶ 22. In support of summary judgment Defendants have filed copies of Defendants' payroll and related hiring records pertaining to Plaintiffs' services with Defendants and Defendants' H-2A workers to refute in detail, nearly all, if not all, of Plaintiffs' allegations regarding this core issue. Plaintiffs' attempt to demonstrate their need for plenary discovery, represented in part by Plaintiffs pending discovery requests, by pointing out that Defendants' heavy reliance on "documents of questionable provenance," Dkt. 44 at 9, requires Plaintiffs be given an opportunity to challenge the authenticity of Defendants' documents by requiring Defendants' responses to Plaintiffs' discovery requests and, presumably, deposition questions or, at a minimum by making specific discovery requests pursuant to Fed.R.Civ.P. 56(d)(2) (permitting limited discovery to enable opposition to summary judgment to be filed) ("Rule 56(d)(2)") (Dkt. 44 at 11).

Further, although the DOL investigation results (Dkt. 17-16), which largely exonerated Defendants' liability under relevant statutes such as the AWPA, that are the bases for Plaintiffs' claims, are not a bar to Plaintiffs' action in this court, Dkt. 44 at 21 (DOL investigation result no bar to later claims unless plaintiffs resolved issue by settlement approved by court or U.S. Secretary of Labor including plaintiff's receipt of payment in full amount of back wages (citing *Carrillo v. Dandan, Inc.*, 51 F.Supp.3d 124,

130 (D.D.C. 2014) (internal citation omitted); *Zhengfang Liang v. Café Spice SB, Inc.*, 911 F.Supp.2d 184, 198 (E.D.N.Y. 1012)), yet Plaintiffs do not dispute the DOL report constitutes admissible evidence. Plaintiffs only contend that in conducting its investigation the DOL was hampered by difficulty in accessing witnesses residing in Puerto Rico whom may have corroborated Plaintiffs' claims during Hurricane Maria in 2017, and inadequate DOL manpower. Dkt. 51 at 1. Such contentions do not, however, negate the admissibility of such a relevant governmental investigation; rather, if true, they may go to the weight of such evidence. *See, e.g., United States v. Garden Homes Mgt. Corp.*, 156 F.Supp.2d 413, 422 (D.N.J. 2001) (federal agency investigation finding no pervasive pattern of discriminatory housing rental practices may be admissible evidence of Defendants' alleged discriminatory practices but does not compel summary judgment). Thus, although the DOL investigation and report on many of the claims raised by Plaintiffs in this action was generally favorable to Defendants and does not as such require summary judgment, it tends to support that Defendants' request for summary judgment has substantial merit. Accordingly, unless Defendants' evidence in support of summary judgment is successfully impeached by Plaintiffs as to its accuracy or authenticity, the Defendants' likelihood of success on Defendants' motion, that Plaintiffs claim are without evidentiary support, appears strong.

As to the potential prejudice Plaintiffs may suffer in the event Defendants' motion for a stay of discovery were granted, as discussed, *see, supra*, at 4-8, the merits of Defendants' summary judgment request will turn on Plaintiffs' ability to undermine the veracity of the plethora of Defendants' business records submitted in support of summary judgment, including Defendants' requests for DOL approval of Defendants' H-

2A workers as well as records regarding Plaintiffs' hiring and terminations of Plaintiffs' employment with Defendants. Assuming Plaintiffs will, as Plaintiffs' represent, *see* Dkt. 51 at 4 (requesting court permit Plaintiffs to conduct discovery pursuant to Rule 56(d)(2)), proceed with an application for targeted discovery necessary to oppose Defendants' summary judgment request, Plaintiffs will suffer no substantial prejudice if Defendants' motion to stay to prevent more generalized discovery is granted.

As to the relative burdens of discovery, while it is true, as Plaintiffs contend, that in filing Defendants' voluminous records in support of summary judgment, Defendants have already incurred substantial time and effort, *see* Dkt. 44 at 28 (Defendants filing of multiple motions demonstrates Defendants' stated desire to avoid unnecessary litigation costs is "disingenuous"), nevertheless Plaintiffs' discovery requests put forth 210 separate demands that will significantly interfere with Defendants' ability to operate their farm at the present time. *See* Dkt. 47 ¶¶ 5, 8; Dkt. 48 at 12. In addition, Plaintiffs' discovery demands seek information from 2012 through 2018 whereas Defendants' computer-based business record-keeping system is limited to the period commencing in 2017 to the present. Dkt. 47 ¶ 5. Requiring Defendants, who administer the day-to-day business operations of the farm with only two persons, *id.* ¶ 5, to obtain the information necessary to respond to the questions pertaining to the period 2012 to 2016, as Plaintiffs' discovery demands request, would overwhelm Defendants at a critical point in preparing for the 2019 growing season commencing in June 2019. Dkt. 47 ¶¶ 5, 8. Further, a fair review of Plaintiffs' allegations as pleaded in the Complaint does not reveal plausible assertions of any facts indicating Defendants engaged in the alleged violations against Plaintiffs attributed to Defendants by Plaintiffs prior to 2017. Plaintiffs

allege upon information and belief that since 2016 Defendants improperly reduced work hours of Defendants' domestic workers while increasing the work hours for Defendants H-2A guest workers, Complaint ¶ 131i, despite the fact that Defendants' use of H-2A workers did not commence until the 2017 growing season. Complaint ¶¶ 55-58. Thus, the court finds that on this issue, the balance also favors Defendants.

Nor is there any merit to Plaintiffs' contention that unless full discovery is permitted to proceed at this time to the extent requested by Plaintiffs, Plaintiffs will be prejudiced in Plaintiffs' ability to obtain injunctive relief before the 2019 growing season commences in approximately 90 days. Dkt. 44 at 24. However, Plaintiffs' argument overlooks the fact that even assuming Defendants' motion to stay were denied, Defendants still would be entitled to respond to Plaintiffs' numerous discovery requests with formal objections, similar to Defendants' contentions of lack of relevancy and the proportionality mandated by Fed.R.Civ.P. 26(b)(1) of Plaintiffs' discovery requests as argued in Defendants' motion for a stay, requiring probable motion practice by Plaintiffs to compel Defendants' responses which would in turn necessitate likely judicial intervention and subsequent decisions, a process also likely to consume a substantial amount of time thus creating the same tension in Plaintiffs' ability to promptly seek and obtain such putative injunctive relief. Notably, Plaintiffs have not sought such relief to date. Significantly, it is also not the case that Plaintiffs will at this time be left without any discovery responsive to Plaintiffs' outstanding discovery requests, particularly Plaintiffs' document requests. In particular, Defendants point out that of Plaintiffs' 82 document production requests, Defendants' numerous exhibits filed in support of Defendants' summary judgment provide information responsive to at least 52 of

Plaintiffs' requests.  *See* Dkt. 48 at 19-22.  Plaintiffs do not directly respond to this contention.  *See* Dkt. 44 at 25 (arguing that Plaintiffs so far unable to effectively subject Defendants' documents to possible impeachment); Dkt. 51 (*passim*).  Plaintiffs do not suggest these are not the same records which would provide the basis for Defendants' responses to Plaintiffs' document requests despite Plaintiffs' theorizing that they may be vulnerable to Plaintiffs' questions as to their accuracy.  The same probable scenario also undercuts Plaintiffs' related assertion, Dkt. 44 at 25, that undue prejudice to Plaintiffs will result unless full discovery proceeds at this time given that prospective class members, *i.e.*, domestic farm workers, may soon begin to relocate in anticipation of seasonal farm employment opportunities making Plaintiffs' burden to identify and obtain this potential opt-in election more difficult.  Again, as with Plaintiffs' prejudice contention arising from Plaintiffs' future desire to obtain injunctive relief, such contention is based on Plaintiffs' unsupported assumption that any grounds for such relief will in fact result from Plaintiffs' requested discovery rendering such assumption speculative at best.  Plaintiffs also contend Plaintiffs will be prejudiced, if discovery is stayed, in their ability to identify and invite potential collective and class members to join the lawsuit.  Dkt. 44 at 14.  However, Defendants represent, and Plaintiffs do not dispute, Plaintiffs have been provided with all potential class members for the period 2017-2018 in support of summary judgment.  Dkt. 48 at 14 (referencing Dkt. 17 Exhs. M, O & Z).  Additionally, if Plaintiffs' claims as collective or class representatives should be dismissed, neither Plaintiffs nor such potential additional parties will be prejudiced in their ability to join this action.  Such potential difficulties, however, beg the question of whether Defendants should be required to respond to discovery on issues beyond the

period 2017-2018, during which Plaintiffs have, on this record, based any plausible claim as alleged in the Complaint while creating the potential for serious interference with Defendants' ability to operate Defendants' farm in planning and implementing production for the upcoming growing season.  The court therefore finds that questions of prejudice and burdensomeness in this case favor Defendants, not Plaintiffs.  Thus, the balance of the relevant factors, strength of the movant's underlying dispositive motion, extensiveness of requested discovery, possible prejudice, and the burden of the requested discovery on the Defendants as the requested parties, *see Steuben Foods, Inc.*, 2009 WL 3191464, at *3, on this record, all favor Defendants and, for that reason, the court finds Defendants' motion to stay (Dkt. 23) should be GRANTED.

## CONCLUSION

Based on the foregoing, Defendants' motion to stay (Dkt. 23) is GRANTED.  Any request by Plaintiffs pursuant to Rule 56(d)(2) shall be filed <u>not later than 10 days</u>; Defendants' response shall be filed <u>within 10 days thereafter</u>; oral argument shall be at the court's discretion.  Should Plaintiffs not request permission to proceed pursuant to Rule 56(d)(e), Plaintiffs' response to Defendants' motion for summary judgment shall be filed <u>not later than 30 days</u>; Defendants' reply, if any, shall be filed <u>within 15 days</u> thereafter; oral argument shall be at the court's discretion.  Defendants' motion for an expedited hearing on Defendants' motion for stay (Dkt. 27) is DISMISSED as moot.  The court's stay of proceedings (Dkt. 42) is VACATED.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: February 7, 2019
Buffalo, New York