UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROLANDO DIAZ REYES, HECTOR IVAN BURGOS
RIVERA, JOSE A. GARCIA MARRERO, KIDANNY
JOSUE MARTINEZ REYES and EDWIN COSME COLON
as individuals and on behalf of all other similarly situated
persons,

Civil Action No. 1:18-cv-01017

Plaintiffs,

v.

W.D. HENRY & SONS, INC., HENRY REALTY
ASSOCIATES, INC., DANIEL HENRY, and
MARK C. HENRY

Defendants.

---

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' REQUEST PURSUANT TO FRCP 56(d) TO DENY OR DEFER
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PERMIT
THE PARTIES TO CONDUCT DISCOVERY**

# TABLE OF CONTENTS

**Page(s)**

PRELIMINARY STATEMENT…………………………………………….... 1

STATEMENT OF FACTS………………………………………………… 1

ARGUMENT……………………………………………………………… 1

    A.    Plaintiffs' Rule 56(d) Motion Has No Merit……………………… 3

        1.    The February 7, 2019 Decision And Order……………... 3

        2.    The Vast Majority Of The Information Identified In Items "a" Through "m" In Plaintiffs' Memorandum Of Law And In Robert McCreanor's Declaration Are Overly Broad, Burdensome, Irrelevant And Represent Nothing More Than A Fishing Expedition………………………… 4

        3.    Items "a" Through "e" Identified In Robert McCreanor's Declaration Further Demonstrate Plaintiffs' Efforts To Create A Claim…………………………………………….. 5

    B.    Kenneth J. Wolkin's Declarations Are Suspect………………….. 8

CONCLUSION……………………………………………………………... 9

i

## TABLE OF AUTHORITIES

**Page(s)**

*Capital Imaging Assoc. v. Mohawk Valley Medical Assoc.*,
    725 F. Supp. 669 (N.D.N.Y. 1989)............................................ 2

*Contemporary Mission, Inc. v. United States Postal Serv.*,
    648 F.2d 97 (2d Cir. 1981)
    *cert. denied*, 502 U.S. 856 (1991)............................................. 2

*Cruz v. Aramark Servs.*,
    213 F. App'x 329 (5th Cir. 2007)................................................. 9

*Gene Codes Forensics, Inc. v. City of New York*,
    812 F. Supp. 2d 295 (S.D.N.Y. 2011)....................................... 2

*Gray v. Town of Darien*,
    927 F.2d 69 (2d Cir. 1991).................................................... 2

*Gualandi v. Adams*,
    385 F.3d 236 (2d Cir. 2004).................................................... 2

*Seils v. Rochester School  Dist.*,
    92 F. Supp. 2d 100, 116 (W.D.N.Y. 2002)............................. 2

*Shaheen v. Naughton*,
    222 F. App'x 11 (2d Cir. 2007)............................................... 2

*Waldron v. Cities Serv. Co.*,
    361 F.2d 671 (2d Cir. 1966),
    *aff'd*, 996 F.2d 537 (2d Cir.),
    *cert. denied*, 510 U.S. 947 (1993)..................................... 2

## STATUTES

Fed. R. Civ. P. 56............................................................... 1

Fed. R. Civ. P. 56(d)............................................................ 1, 2, 3, 5, 9

Fed. R. Civ. P. 56(d)(2)........................................................ 1

Fed. R. Civ. P. 56(f)............................................................ 1, 2

## PRELIMINARY STATEMENT

Defendants respectfully submit this Memorandum Of Law in opposition to Plaintiffs'

request pursuant to Fed. R. Civ. P. 56(d) to deny or defer Defendants' motion for summary

judgment and to permit the parties to conduct discovery.  In its February 7, 2019 Decision And

Order, this Court has already determined that Defendants' motion for summary judgment has

"substantial merit".  (Dkt. No. 55).  This Court also held, among other things, that Plaintiffs'

discovery demands, responses to which have been stayed, appear to be overly broad and

burdensome.  (Dkt. No. 55).  A review of Plaintiffs' current motion demonstrates that they are on

a fishing expedition, seeking information that may allow them to fashion a cause of action.

Moreover, Plaintiffs are still seeking information that runs afoul of the Court's February 7, 2019

Decision And Order.

## STATEMENT OF FACTS

The underlying facts of this action are fully set forth in the affidavits of Daniel Henry

(Dkt. No. 17), Mark Henry (Dkt. No. 19), and Ryan O'Gorman (Dkt. No. 20) and in the

Statement Of Material Facts (Dkt. No.16), all of which have been submitted by Defendants in

support of their motion for summary judgment pursuant to Fed. R. Civ. P. 56 and are

incorporated herein by reference.  The grounds on which Defendants oppose Plaintiffs' Fed. R.

Civ. P. 56(d) application are fully set forth in the accompanying affidavits of Daniel Henry

("Henry Affidavit"), Chaim Jaffe, Esq. ("Jaffe Affidavit") and Nelson Leon ("Leon Affidavit")

and are included herein by reference.

## ARGUMENT

A party seeking relief under Fed. R. Civ P. 56(d)(2) [the former Rule 56(f)] must show

by way of affidavit that it cannot present facts essential to justify its opposition and that party

1

must file an affidavit in support of its request for discovery. *Gene Codes Forensics, Inc. v. City of New York*, 812 F. Supp. 2d 295 (S.D.N.Y. 2011). The affidavit must describe: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant's efforts were unsuccessful." *Id.* at 304. (quoting *Shaheen v. Naughton*, 222 F. App'x 11, 13 (2d Cir. 2007) (citing *Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004)).

Furthermore, it is well settled that a party "cannot use discovery to find out whether you have a claim." *Id.* at 308. See also, *Seils v. Rochester School Dist.*, 92 F. Supp. 2d 100, 116 (W.D.N.Y. 2002) ("[A] court can reject a request for discovery [under Rule 56(f)] if it deems the request to be based on speculation as to what potentially could be discovered."); *Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991) ("In a summary judgment context, an 'opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify the denial of [a summary judgment] motion'") (quoting *Contemporary Mission, Inc. v. United States Postal Serv.*, 648 F.2d 97, 107 (2d Cir. 1981)), *cert. denied*, 502 U.S. 856 (1991); *Capital Imaging Assoc. v. Mohawk Valley Medical Assoc.*, 725 F. Supp. 669, 680 (N.D.N.Y. 1989) (citing *Waldron v. Cities Serv. Co.*, 361 F.2d 671, 673 (2d Cir. 1966)) (citations omitted) (While "Rule 56(f) discovery is specifically designed to enable a plaintiff to fill material evidentiary gaps in its case . . . it does not permit a plaintiff to engage in a 'fishing expedition.'"), *aff'd*, 996 F.2d 537 (2d Cir.), *cert. denied*, 510 U.S. 947 (1993).

Application of the principles set forth warrants that Plaintiffs' Rule 56(d) application be denied. As more fully discussed below, it is clear that Plaintiffs have failed to take heed of the Court's February 7, 2019 Decision And Order and are simply on a fishing expedition to manufacture a claim where none exists. Plaintiffs are attempting to discover something

that will undermine the authenticity and veracity of the almost 3,000 pages of documents that have been produced in the form of exhibits to Defendants' motion for summary judgment and as exhibits in response to Plaintiffs' Rule 56(d) application.

### A. Plaintiffs' Rule 56(d) Motion Has No Merit.

#### 1. The February 7, 2019 Decision And Order.

In its February 7, 2019 Decision And Order, this Court held in part as follows:

    a. "[T]he court's review of the voluminous record in support of Defendants' motion for summary judgment indicates Defendants' motion for summary judgment has substantial merit. (Dkt. No.58, p. 4);

    b. Plaintiffs do not dispute the admissibility of the DOL report. (Dkt. No.58, p. 6);

    c. Plaintiffs' discovery demands which sought information from 2012-2018 and which contained 210 separate document demands are broad and burdensome. (Dkt. No.58, pp. 7-8); and

    d. "In particular, Defendants point out that of Plaintiffs' 82 document production requests, Defendants' numerous exhibits filed in support of Defendants' summary judgment provide information responsive to at least 52 of Plaintiffs' requests. Plaintiffs do not directly respond to this contention. Plaintiffs do not suggest these are not the same records which would provide the basis for Defendants' responses to Plaintiffs' document requests despite Plaintiffs' theorizing that they may be vulnerable to Plaintiffs' questions as to their accuracy." (Dkt. No. 58, pp. 8-9).

A review of Mr. McCreanor's Declaration, as well as Plaintiffs' Memorandum Of Law, set forth various categories of items Plaintiffs believe they need to properly oppose Defendants' motion for summary judgment.

**2. The Vast Majority Of The Information Identified In Items "a" Through "m" In Plaintiffs' Memorandum Of Law And In Robert McCreanor's Declaration Are Overly Broad, Burdensome, Irrelevant And Represent Nothing More Than A Fishing Expedition.**

Plaintiffs' Memorandum Of Law, as well as Mr. McCreanor's Declaration, set forth categories of information labeled "a" through "m" which they claim, if obtained, will allow them to more fully defend Defendants' pending summary judgment motion.  Each item requested is more fully addressed as follows:

a.  Plaintiffs' assertions regarding Defendants' communications with each other and with their managers and employees via cell phone and text messages are so overly broad and vague as to time frame and subject matter and is clearly burdensome.  Moreover, the documents produced as exhibits to Defendants' motion for summary judgment, as well as the additional exhibits in response to the instant motion, demonstrate that there are not any issues of fact such that Defendants' motion for summary judgment should be denied.

b.  Plaintiffs' contention that Defendants communicated regarding their business operations and employment practices via email is, once again, overly broad and vague as to time frame and subject matter.

c.  Plaintiffs contend in general terms and without any specifics as to time and subject matter that W.D. Henry & Sons, Inc. communicates with Mas Labor H2A LLC.  Defendants submit that W.D. Henry & Sons, Inc.'s email correspondence with Mas Labor is not relevant.  All that is relevant are the Clearance Orders and job descriptions, which Plaintiffs have.

d.  Defendants respectfully submit that the information requested in this item is irrelevant and would be overly burdensome to produce to the extent that any such information exists.

e.  Defendants respectfully submit that information regarding W.D. Henry & Sons, Inc.'s losses in 2016 is not relevant.  Moreover, Defendants are not in possession of any documents that would identify exactly how many pounds of each specific type of vegetable were left in the field because of a lack of labor.

f.  Copies of the letters addressed to the thirty-one individuals do not exist.  After each letter was prepared, the name and address of the person to whom it was sent was deleted so that that the next person's name could be inserted.  However, proof of mailing does exist and the reason proof of mailing exists for only thirty-one individuals is because the other twenty-one individuals were either already at the farm or had already communicated with W.D.

4

Henry & Sons, Inc. such that sending them a letter was duplicative. (Daniel Henry Affidavit, ¶36(f)).

g. Although Defendants contend that the information requested in this item is not relevant, and without waiving said objection, the information in this item is attached as Exhibit "A" to Daniel Henry's affidavit submitted herein.

h. Although Defendants contend that the information requested in this item is not relevant, and without waiving said objection, the information in this item is attached as Exhibit "B" to Daniel Henry's affidavit submitted herein.

i. With respect to Plaintiffs' request for "Pay Notice and Work Agreement For Farm Workers" for the H-2A employees, Defendants respectfully submit that such information is not relevant. Moreover, Defendants submitted Agricultural Work Agreements for the H-2A workers in Defendants' motion for summary judgment (Exhibit "L" to the Daniel Henry Affidavit,. Dkt. No. 17-12). As to the housing arrangements, Defendants have submitted documentation with respect to the Angola Motel. (See Exhibit "AA" to the affidavit of Daniel Henry, Dkt. No. 17-42).

j. Defendants respectfully submit that the information requested in this item has been produced in the form of Exhibits "O", "W", "X", "Y" and "Z" to my affidavit previously submitted herein. (Dkt. Nos. 17-15, 17-23, 17-24, 17-33 and 17-41).

k. The time cards do not reflect a description of the work performed. (Daniel Henry Affidavit submitted herein, ¶36(k)).

l. Defendants respectfully submit that the information regarding the requirements for appropriate sanitation units is publically available. Moreover, the fact that a certificate was issued suggests that the requirements were achieved.

m. Defendants do not have any documents responsive to this demand other than the abandonment of work forms which have already been produced.

**3. Items "a" Through "e" Identified In Robert McCreanor's Declaration Further Demonstrate Plaintiffs' Efforts To Create A Claim.**

Mr. McCreanor's Declaration submitted in support of Plaintiffs' Rule 56(d) application identifies the following topics on which he claims Plaintiffs need discovery in order to oppose Defendants' motion for summary judgment:

a. Written and verbal communications, including but not limited to electronic mail, text message, and any other written statements, made between Defendants themselves, between Defendants and their employees, and between Defendants and third parties during the time period 2015 to present regarding Defendants' entry into the H-2A program, Defendants' statements to Plaintiffs and other prospective employees regarding the availability and terms of employment in 2017 and 2018, Defendants' hiring decisions pertaining to agricultural workers, Defendants' production levels and the staffing assignments given to domestic and temporary guest workers to achieve such production, Defendants' decision to move Plaintiffs and other domestic workers from on-site housing, Defendants' provision of restroom facilities and drinking water access to domestic and temporary guest workers, Defendants' disciplinary policies and practices, Defendants' recruitment efforts in 2017 and 2018 and the U.S. Department of Labor's investigation of Defendants' employment practices.

With respect to category "a", the items requested run afoul of the Court's Decision And Order for several reasons. First, this category seeks information for a period prior to 2017, the time period referenced in Plaintiffs' Complaint. Second, insofar as Plaintiffs have not proposed any specific discovery requests, it is difficult to ascertain whether the information to be requested will even be relevant. On its face, it appears that the information requested will result in demands that are equally as burdensome as those which Plaintiffs have already served, responses to which have been stayed. Moreover, nothing in category "a" appears targeted towards undermining the veracity of W.D. Henry & Sons, Inc.'s business records.

b. Defendants' business and employment records from 2015 to present including but not limited to any document indicating the quantity, type and timing of Defendants' production of agricultural produce and the staffing levels and assignments of domestic and temporary guest workers made to achieve such production, including all time keeping and pay records for all domestic and temporary guest worker agricultural employees.

Defendants submit that the information requested in item "b" also ignores the Court's Decision And Order. First, the time frame is overly broad. Second, the information is not

relevant as to whether W.D. Henry & Sons, Inc. complied with its obligations under the H-2A

rules and regulations, which it did.

     c.  Defendants' policies, procedures and practices regarding recruitment, hiring, housing, supervision, discipline, and termination of all agricultural employees from 2015 to present.

Plaintiffs are once again seeking information for a period prior to 2017.  Furthermore,

information responsive to the items in this category have already been produced in connection

with Defendants' motion for summary judgment and as exhibits to the affidavit of Daniel Henry

submitted herein.

     d.  All documents and communications concerning any complaints made against Defendants to the New York State Department of Labor or the U.S. Department of Labor or any other governmental entity and pertaining to Defendants' recruitment, hiring, housing, supervision, and termination of agricultural employees from 2015 to present.

Defendants respectfully submit that the information requested in item "d" is not relevant

and beyond the time period identified as material by the Court in its Decision And Order.

Plaintiffs are free to submit a FOIL request to the New York State Department of Labor and a

FOIA request to the United States Department of Labor.

     e.  Information pertaining to the ownership, management, control, finances and activities of the corporate Defendants (W. D. HENRY & SONS, INC. and HENRY REALTY ASSOCIATES, INC.) during the time period 2016 to present.

It is submitted that the information requested in this item is absolutely not relevant to

Plaintiffs' claims.  The only item that is relevant, by whom Plaintiffs were employed, has already

been responded to by Defendants in the form of numerous exhibits attached to Defendants'

summary judgment motion.  Based on Defendants' production, there are no circumstances under

which Plaintiffs can dispute the same.  Issues related to the Defendants' finances and ownership

are simply not relevant and are intended to harass and annoy Defendants.

7

Notwithstanding the Court's discussion and holding in its February 7, 2019 Decision And Order, the categories of inquiry that Plaintiffs assert they need to pursue continue to remain overly broad, burdensome and not relevant.  Even more striking, is the fact that the information Plaintiffs seek to obtain does not undermine the veracity and authenticity of W.D. Henry & Sons, Inc.'s business records.  Plaintiffs also fail to once again address the fact that Defendants have already produced documents in connection with their summary judgment motion that are responsive to the document demands previously served, answers to which have been stayed. Plaintiffs have failed to indicate which of Defendants' exhibits are not responsive to their demands or how the almost 2,600 pages, together with those that are being produced in the form of exhibits in opposition to the instant motion, do not afford them the opportunity to adequately address Defendants' summary judgment motion.  Moreover, in light of the Court's February 7, 2019 Decision And Order, one would have expected Plaintiffs to include specific demands rather than their broad brush statements as to what they think they need.

What does seem clear is the fact that Plaintiffs are intent in engaging in a fishing expedition for the sole purpose of trying to manufacture a cause of action, something they are prohibited from doing.  Plaintiffs are looking to make something out of nothing and to force Defendants to spend their resources on unnecessary legal fees.

**B.  Kenneth J. Wolkin's Declarations Are Suspect.**

While Mr. Wolkin claims that he reads, writes and speaks Spanish fluently, his Declaration fails to provide any information regarding his credentials, education or training. More importantly, Mr. Wolkin's Declaration fails to indicate that he appears to be employed by the Worker Justice Center of New York as a Labor & Employment Paralegal.  (See Exhibit "A" to the Jaffe Affidavit").

8

In *Cruz v. Aramark Servs.*, 213 F. App'x 329, 333 (5th Cir. 2007), the Fifth Circuit held

that an affidavit translated from Spanish to English by the plaintiff's attorney was not admissible

because: (i) the attorney was acting on behalf of the plaintiff, and had a potential motive to

distort the translation in his client's favor; and (ii) the Court had no indication of the attorney's

skill as a translator, other than his own self-supporting claims.  In this case, there is no logical

reason as to why Mr. Wolkin neither disclosed his qualifications nor his place of employment.

## CONCLUSION

For all the reasons set forth herein and in the accompanying affidavits of Daniel Henry,

Nelson Leon and Chaim J. Jaffe, Plaintiffs' Fed. R. Civ. P. 56(d) application should be denied.

Chaim J. Jaffe, Esq.
SCOLARO FETTER GRIZANTI
   & McGOUGH, P.C.
Attorneys *for Defendants*
507 Plum Street, Suite 300
Syracuse, New York 13204
Telephone: (315) 471-8111
Email: cjaffe@scolaro.com

TO:   John A. Marsella, Esq.
      Worker Justice Center of New York
      1187 Culver Road
      Rochester, New York 14609
      Tel: (585) 325-3050
      Email: jmarsella@wjcny.org