UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROLANDO DIAZ REYES,
HECTOR IVAN BURGOS RIVERA,
JOSE A. GARCIA MARRERO,
KIDANNY JOSUE MARTINEZ REYES,
EDWIN COSME COLON, and on behalf of           **DECISION**
all similarly situated persons,                        **and**
                                                                   **ORDER**

                                    Plaintiffs,

            v.                                                **18-CV-1017V(F)**

W.D. HENRY & SONS, INC.,
HENRY REALTY ASSOCIATES, INC.,
DANIEL HENRY,
MARK C. HENRY,

                                    Defendants.
_____

APPEARANCES:    WORKER JUSTICE CENTER OF NEW YORK, INC.
                            Attorneys for Plaintiffs
                            JOHN A. MARSELLA,
                            ROBERT D. McCREANOR, of Counsel
                            1187 Culver Road
                            Rochester, New York    14609

                            SCOLARO FETTER GRIZANTI MCGOUGH & KING, P.C.
                            Attorneys for Defendants
                            CHAIM J. JAFFE,
                            DOUGLAS J. MAHR, of Counsel
                            507 Plum Street, Suite 300
                            Syracuse, New York  13204


## JURISDICTION

       By order filed November 21, 2018 (Dkt. 11), Hon. Lawrence J. Vilardo referred

this case to the undersigned for all pretrial matters.  It is presently before the court on

Plaintiffs' request pursuant to Fed.R.Civ.P. 56(d)(2) to conduct limited discovery

necessary to enable Plaintiffs to oppose Defendants' motion for summary judgment filed December 18, 2018 (Dkt. 15) ("Plaintiffs' Request").

## BACKGROUND

Plaintiffs, residents of Puerto Rico,[1] commenced this action by filing the Complaint on September 14, 2018 as a collective and class action alleging Defendants' violations of the Migrant and Seasonal Agricultural Workers Protection Act of 1983, 29 U.S.C. §§ 1801 *et seq.* ("the AWPA"), the Immigration and Nationality Act of 1952, 8 U.S.C. §1101, *et seq.* ("the INA"), the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("the FLSA"), and New York Labor Law § 191, *et seq.* ("the NYLL § __"). The AWPA grants an aggrieved person a cause of action in District Court for redress of violations of the AWPA, 28 U.S.C. § 1854(a); the FLSA grants a similar right to aggrieved parties for redress of violations of its provisions.  29 U.S.C. § 216(b).  The NYLL also provides for similar relief. N.Y. Labor Law § 197.  Plaintiffs' state claims in this court are based on supplemental jurisdiction under 28 U.S.C. § 1367.

In particular, Plaintiffs allege, as a First Cause of Action, Defendants violated the AWPA by (1) failing to provide in 2017 and 2018 truthful and accurate information to Plaintiffs as domestic agricultural workers regarding wages and working arrangements at Defendants' vegetable farm in violation of 29 U.S.C. § 1821(f), (2) failing to pay Plaintiffs $12.38 per hour during the 2017 growing season in violation of 29 U.S.C. § 1822(a), (3) reducing Plaintiffs' working hours while providing greater working hours to

---

[1]   During the relevant time period Plaintiff Kidanny Josue Martinez Reyes resided in Puerto Rico; he presently is a resident of Florida.

foreign, *i.e.*, Mexican workers hired pursuant to Defendants' H-2A Clearance Orders,[2] ("H-2A workers") in violation of 29 U.S.C. § 1822(a), (4) failing to reimburse Plaintiffs for travel expenses to and from Defendants' farm in Eden, New York as required by 20 C.F.R. § 655.122(h), (5) denying Plaintiffs of agreed upon housing arrangements located on Defendants' farm by displacing Plaintiffs with the Mexican H-2A workers Defendants had imported during the 2017 growing season in violation of 20 C.F.R. § 655.122(a), (6) denying Plaintiffs access to drinking water and proper toilet facilities during working hours which Defendants made available to Defendants H-2A workers during the 2017 growing season in violation of 20 C.F.R. § 655.122(a).

Plaintiffs' Second Cause of Action asserts a breach of contract based on Defendants' failure to pay Plaintiffs' the required Adverse Effect Wage Rate ("AEWR") for Plaintiffs' corresponding work during 2017, reimburse Plaintiffs for their travel expenses and otherwise provide terms and conditions of employment to Plaintiffs required by Defendants' 2017 and 2018 Clearance Orders for Defendants' H-2A workers. Plaintiffs allege such contract is imposed by the Clearance Orders under 8 U.S.C. § 1188 ("§ 1188") and 20 C.F.R. Part 501 or 20 C.F.R. Part 655 subpart B. Plaintiffs' Third Cause of Action is based on Defendants' alleged violation of the FLSA for failure to pay Plaintiffs the required federal minimum wage resulting from

---

[2] The term H-2A derives from the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(a), under which foreign agricultural workers may be legally admitted for the purpose of providing temporary agricultural work with the intention to return to their country of residence if the Attorney General determines that the applicant employer, like Defendants, demonstrates an adequate number of domestic workers is not available to the applicant and employing such alien workers will not adversely affect domestic workers similarly employed. The AWPA protects domestic agricultural workers against discrimination in wages and working conditions by favoring of foreign workers such as those hired pursuant to H-2A certification.

Defendants' failure to pay Plaintiffs' transportation expenses from Puerto Rico to the farm. Plaintiffs' Fourth Cause of Action is based on Defendants' alleged violations of the New York Labor Law, particularly N.Y. Labor Law § 191 (failure to pay wages when due) and N.Y. Labor Law § 195[1], [3] (failure to provide written accurate notice in English and Spanish of the applicable minimum hourly wage and changes to employer provided housing arrangements.

Plaintiffs served their First Set of Interrogatories and Document Requests on November 26, 2018 seeking detailed information from Defendants regarding Plaintiffs' claims for the class period of September 2012 to September 2018. Defendants responded by filing, on December 18, 2018, Defendants' motion for summary judgment together with support affidavits and exhibits (Dkts. 17, 18, 19, 20 and 21), a Statement of Material Facts (Dkt. 16) and a Memorandum of Law (Dkt. 22) requesting the action be dismissed. On the same date, Defendants also filed, pursuant to Fed.R.Civ.P. 26(c), a motion for a stay of discovery and a request for an expedited hearing on Defendants' motion for a stay (Dkt. 23). On January 12, 2019, the court stayed further action on Defendants' motion for a stay pending oral argument on that motion which it scheduled for January 22, 2019. Plaintiffs' opposition was filed January 9, 2019 (Dkt. 44, 44-1); Defendants' Reply Affidavit (Dkt. 47) was filed January 17, 2019. Following oral agreement, the court reserved decision; on February 7, 2019 the court issued a Decision and Order granting Defendants' motion for a stay and directed that Plaintiffs either request discovery pursuant to Fed.R.Civ.P. 26(d)(2) or respond to Defendants' summary judgment motion (Dkt. 55).

By papers filed February 15, 2019, Plaintiffs filed the Affidavit of Robert McCreanor in support of Plaintiffs' request for discovery under Rule 50(d) (Dkt. 57) together with Plaintiffs' Memorandum of Law in Support of Plaintiffs' Request (Dkt. 58). On March 12, 2019, Defendants filed Defendants' opposition to Plaintiffs' Request which included the Affidavit of Daniel M. Henry (Dkt. 63) attaching Exhibits A (Dkt. 63-1) and B (Dkt. 63-2 ("Henry Affidavit Exhs. ___"),[3] the Affidavit of Nelson Leon (Dkt. 64) ("Leon Affidavit"), Attorney Affidavit of Chaim J. Jaffe, Esq. (Dkt. 65) ("Jaffe Affidavit") and Defendants' Memorandum in Opposition to Plaintiffs' Request (Dkt. 66) ("Defendants' Memorandum"). Oral argument on Plaintiffs' Request was deemed unnecessary.

## FACTS[4]

Defendants operate a family-owned 300-acre vegetable farm, established in 1888, which annually produces approximately eight (8) million pounds of produce. To achieve this production, Defendants, of necessity, have hired seasonal workers from Puerto Rico for over 30 years to engage in planting, harvesting and packaging for marketing the vegetables grown at the farm. Recently, expanded production at the farm together with the physically demanding nature of agricultural work created a shortage of manpower unavailable from Puerto Rico with which to work the farm with the result that in 2016 Defendants were unable to harvest hundreds of thousands of pounds of produce creating a serious threat to the farm's financial viability. In response to these

---

[3] All references to Henry Affidavit are to the Affidavit of Daniel Henry (Dkt. 17) submitted in support of Defendants' motion for summary judgment.
[4] Taken from the papers and pleaded filed in this action.

economic developments Defendants elected to utilize the federal government's so-called H-2A program through which non-U.S. residents, in this case Mexican workers, could be certified as necessary to Defendants' business allowing such H-2A workers to enter the United States and work at Defendants' farm. Although under federal law such workers received a higher hourly wage, $12.38 per hour in 2017, than the otherwise required New York State minimum wage of $9.70 per hour, Defendants' entry into the H-2A program was deemed by Defendants a matter of business necessity despite the higher hourly wages the H-2A program mandated. Beginning in April 2017, Defendants filed, on April 11, 2017 and May 23, 2017, applications for H-2A workers for the 2017 growing season, May through October, for a total of 58 H-2A workers. Henry Affidavit Exhs. A and C, Dkt. 17-1 and 3. These requests were approved by the U.S. Department of Labor ("U.S. DOL") on May 10, 2017 and July 18, 2017, respectively. Henry Affidavit, Dkt. 17, Exhs. B and D (Dkt. 17-2 and 4). On April 23, 2018, Defendants submitted another request for 64 H-2A workers for the 2018 growing season, Henry Affidavit, Dkt. 17 Exh. E (Dkt. 17-5), which was approved on May 18, 2018. Henry Affidavit, Dkt. 17 Exh. F (Dkt. 17-6). Defendants retained MAS Labor H-2A, LLC ("MAS Labor") as its agent for all aspects of the H-2A program, in particular for assistance and compliance with the recruitment and advertising requirements for H-2A employers. Defendants' activities to communicate to potential domestic workers seasonal work opportunities on the farm including cooperation with the New York State Workforce Agency ("SWA") were intended by Defendants to comply with H-2A requirements established by 20 C.F.R. § 655.153. In support of Defendants' summary judgment motion, Defendants submitted copies of an advertisement which ran in New

York, Pennsylvania and New Jersey, and letter communications directed to Defendants'
former seasonal domestic employees, Defendants' recruitment results logs, identifying
persons who applied to Defendants, Defendants' related hiring decisions and results,
along with certifications of Defendants' recruitment efforts to the U.S. DOL.  Henry
Affidavit, Dkt. 17 ¶ 20, referencing Henry Affidavit Exhs. G, H and I (Dkt. 17-7, 8, 9).
Copies of the four letters Defendants sent to each Plaintiff's address, as well as other
former domestic workers, are attached as Henry Affidavit Exh. I (Dkt. 17-9).  In
response to Plaintiffs' objection that Defendants' exhibit do not include actual copies of
each addressee's letter, Dkt. 58 at 15, and accounts for only 31 of 52 individuals to
whom Defendants sent such four letters, Defendants explain that after each letter was
prepared on Defendants' word processor, the addressee's name and address were then
deleted from the addressee field and the next addressee name and address were
inputted.  Dkt. 63 at 9 ¶ (f).  Defendants also explained that proof of mailing exists for
only 31 addressees as the remaining 21 persons were then employed at the farm or
had previously communicated with Defendants regarding the subject matter in the
letters rendering the mailing unnecessary.  Dkt. 63 at 9 ¶ (f).  Defendants also provided
copies of the 2017 certified letter mailings to Defendants' former domestic workers
including those sent to Plaintiffs Kidanny Josue Martinez Reyes and Hector Ivan Burgos
Rivera.  Henry Affidavit Exh. I (Dkt. 17-9).  Defendants also provided copies of similar
proof of such mailings for 2018 to several of Defendants' domestic workers (Dkt. 63-9),
and to several other of Defendants' domestic workers (Dkt. 63-1 Exh. 1).

Defendants further represent each domestic worker including Plaintiffs, prior to
their hiring in 2017, was informed in both English and Spanish of the availability of H-2A

work and the related AEWR pay rate for 2017 of $12.38 per hour and were given the opportunity to read the H-2A Clearance Order describing the approved agricultural work available to be performed, advising that if a worker declined H-2A work, he could be employed in non-H-2A work at $9.70 per hour in Defendants' packinghouse or field greenhouse. Henry Affidavit Dkt. 17 ¶ 26. Each Plaintiff signed a written acknowledgement, dated June 14, 2017, of having been advised of these facts and declining Defendants' offer of H-2A work. *Id.* Exh. K[5] at Dkt. 17-11 at 2 (Kidanny Josue Martinez); Exh. K at 3 (Hector Ivan Burgos Rivera); Exh. K at 4 (Edwin Cosme Colon); Exh. K at 5 (Rolando Diaz-Reyes); Exh. K at 6 (Jose A. Garcia Marrero). As a result, Plaintiffs as well as Defendants' other domestic workers, with the exception of Justo Santiago, a non-party, were assigned to Defendants' packinghouse or field greenhouse. Henry Affidavit ¶¶ 24, 25-26 (Dkt. 17). In response to Plaintiffs observation that although Defendants provided such documentation for Plaintiffs, Defendants did not include any other similar documentation for other domestic workers, Defendants provided additional copies of similar documents for 38 non-Plaintiff domestic workers. Dkt. 63-2.

Defendants also submitted copies of employee, including for those for Plaintiffs, payroll records for the 2017 and 2018 growing seasons. Henry Affidavit, Exh. M (Dkt. 17-13). For 2017, Defendants' domestic workers were paid the New York state minimum hourly wage of $9.70; H-2A workers received the required H-2A 2017 pay rate of $12.38 per hour. Henry Affidavit Dkt. 17 ¶ 30. For 2018, because Defendants'

---

[5]  Dkt. 17-11

Clearance Order for Defendants' H-2A workers covered the same scope of work, *i.e.*, including both planting and harvesting of crops, as that performed by Defendants' domestic workers, all of Defendants' seasonal employees received the AEWR rate of $12.83 per hour for the 2018 season. *Id.* at 31. Copies of the 2017 payroll records for Defendants' domestic workers, including Plaintiffs, were provided by Defendants, Henry Affidavit Dkt. 17 Exh. O, and for H-2A workers as Exh. Y. These records indicate all of Defendants' employees' wages were paid on a weekly basis. Dkt. 17 ¶ 36. Copies of Plaintiffs' "weekly wage statements" for 2017, Henry Affidavit ¶ 36 (Dkt. 17), were provided by Defendants as Exh. V (Dkt. 17-22); the 2017 Time Reports, Henry Affidavit ¶ 37 (Dkt. 17),[6] which includes a description of the type of work, such as harvesting, performed by Defendants H-2A workers is provided under Exh. X to the Henry Affidavit. Dkt. 17-24-32. The Time Reports for Defendants' H-2A workers for 2018 are provided in Exh. Y. Dkt. 17-34-40. No Time Reports, as referenced by Mr. Henry, for Defendants domestic workers including Plaintiffs, is provided for 2017.

According to Defendants, Employee Time Card Records indicate that in 2017 Defendants' domestic workers averaged 54.56 hours per week; Defendants H-2A workers averaged 49.66 hours. Henry Affidavit Dkt. 17 at ¶ 37. For 2018, Defendants domestic workers averaged 63.94 hours per week; Defendants H-2A workers averaged 60.24 hours. *Id.* As to Plaintiffs, Defendants state, Henry Affidavit ¶ 38 (Dkt. 17), that based on Plaintiffs' Time Card Records, (Exh. W, Dkt. 17-23), Plaintiff Diaz Reyes's

---

[6] Although Mr. Henry refers to these records as "Time Reports," an examination of the records provided as Exh. X, indicates the records state they are "Wage Statements." *See, e.g.,* Henry Affidavit Exh. X (Dkt. 17-24) for H-2A employee Marco Almanza Mosque.

average work hours in 2017 were 50.97 hours; Plaintiff Burgos Rivera worked an average of 50.20 hours per week; Plaintiff Garcia Marrero worked an average of 53.71 hours per week; Plaintiffs Cosme Colon averaged 49.41 hours per week; and Plaintiff Martinez Reyes averaged 56.91 hours per week.  Dkt. 17 ¶ 38.

Defendants also aver that Plaintiffs were provided with copies of English and Spanish versions of a Pay Notice and Work Agreement for Farm Workers ("Work Agreements") required by the New York State Department of Labor, stating Plaintiffs' pay rate of $9.70 per hour for work that included planting and harvesting vegetables, and which each Plaintiff signed.  Henry Affidavit Dkt. 17 ¶ 35.  As indicated, *supra*, at 8, Plaintiffs declined H-2A work and were assigned to work in Defendants' packinghouse or field greenhouses.  Henry Affidavit ¶¶ 24, 25-26.  Copies of the Work Agreements signed and dated by Plaintiffs are attached to the Henry Affidavit as Exh. T (Dkt. 17-20); similar documents for Defendants' domestic workers for 2018 are included as Exh. U (Dkt. 17-21).

Defendants concede that it was necessary to change Plaintiffs' living arrangements from on-site quarters to a nearby motel to accommodate arriving 2017 H-2A workers.  Henry Affidavit, Dkt. 17 ¶ 41.  However, Defendants represent that Plaintiffs were housed at a nearby motel at Defendants' expense and were provided with transportation to and from the farm, also at Defendants' expense.  *Id.*  Defendants have included copies of the motel receipts as Exh. AA (Dkt. 17-42) to verify Defendants' assertion.  As there was no difference in the worked performed by Defendants' domestic and H-2A workers in 2018, all domestic workers were provided with on-site living accommodations by Defendants as required by the H-2A program during the 2018

growing season.  *Id.*  Defendants also indicate fresh drinking water and toilet facilities

are provided to all field workers and that such services were also available to workers

like Plaintiffs in 2017 assigned to work in Defendants' packinghouse and greenhouses.

Dkt. 17 ¶¶ 43-46.  Defendants attach receipts from the Ball Toilet and Septic Tank

services company which provided Defendants with the outdoor toilets as Dkt. 17-44,

Exh. CCTA, tending to refute Plaintiffs' asserted lack of toilet facilities.  Defendants also

provided water coolers to its field workers who could use a company vehicle to obtain

fresh water or elect to use their own coolers.  *Id.* ¶ 46.

        According to Defendants, Plaintiffs either abandoned their positions or were

terminated for cause for violations of Defendants' work rules during the 2017 season

thereby relieving Defendants of any obligations under the AWPA to notify Plaintiffs of

available H-2A work for the 2018 season.  Specifically, upon receiving a third warning

Plaintiff Diaz Reyes was terminated on August 30, 2017 after two prior warnings for

prohibited cell phone use during work time and lack of sufficient work effort on that date.

A copy of Mr. Diaz Reyes's acknowledged receipt of the work rules is provided in Henry

Affidavit Exh. DD, Dkt. 17-45, and a copy of his written warnings are included as Exh.

EE, Dkt. 17-46.  Plaintiff Burgos Rivera does not dispute that on October 2, 2017 he quit

his employment with Defendants but claimed he was forced to do so for lack of work

and resulting limited wages.  Complaint ¶¶ 4 (Defendants "sometimes provid[ed] him as

few as 2 hours in a day.").  According to Defendants' payroll records Burgos Rivera

worked an average of 50.20 hours per week while employed by Defendants.  Henry

Affidavit ¶ 48.  More specifically, according to Defendants' time cards for this Plaintiff,

except for his first three pay periods ending June 27, July 4, and July 11, 2017, Burgos

Rivera's total weekly hours for all pay periods through his last pay period ending in October 3, 2017 were all in excess of 50 hours. Henry Affidavit Exh. W, Dkt. 17-23. For Burgos Rivera's first three pay periods in 2017 the total hours he worked were 20.43, 35.9 and 49.58, respectively. *Id.*

Plaintiff Garcia Marrero alleges he was terminated for lack of available work despite the existence of farm work that was then available. Defendants maintain, however, Garcia Marrero was terminated for three violations of Defendants work rules – prohibited cell phone use during working hours and poor work performance – after receiving three warnings. Defendants have provided copies of Garcia Marrero's acknowledgement of his receiving a copy of the work rules in English and Spanish as Exh. GG to Henry Affidavit, Dkt. 17-48, and copies of the warnings. Dkt. 17-49 (Exh. HH to Henry Affidavit). This Plaintiff also alleged that Defendants reduced his working hours to less than 40 hours per week yet provided more work to Defendants H-2A workers during the 2017 season. Complaint ¶ 106. However, a perusal of Garcia Marrero's time cards for each of his seven pay periods in 2017 – July 19 – August 29, 2017 – indicates that each period Garcia Marrero worked exceeded 40 hours.

Plaintiff Kidanny Josue Martinez Reyes alleges he was not paid at the AEWR rate of $12.38 per hour for his work for Defendants during the 2017 growing season, was not reimbursed for his inbound and outbound travel expenses, was pressured by Defendant to sign a form stating he had abandoned his employment and again applied for work with Defendants in May 2018, but was initially refused employment despite the fact that work was available for which Defendants hired H-2A workers. In support of summary judgment, Defendants provide a copy of Plaintiff's resignation letter dated

October 11, 2017, Henry Affidavit Exh. II (Dkt. 17-50), and explain that Martinez Reyes was nevertheless contacted to work in the 2018 growing season but failed to report on time because he had been playing baseball in Puerto Rico and advised Plaintiffs his position had been filled but that he could reapply in June at which time this Plaintiff was in fact hired by Defendants for corresponding work starting June 30, 2018 at the rate of $12.83 per hour. Defendants also provide a copy of the 2018 work opportunity notice quoting $10.40 per hour Defendants sent to Plaintiff. Henry Affidavit Exh. JJ (Dkt 17-51) and a copy of Defendant D. Henry's contemporaneous internal memorandum describing the circumstances of Mr. Martinez Reyes's hiring. Henry Affidavit Exh. KK (Dkt. 17-52).

Plaintiff Edwin Cosme Colon alleges he work for Defendants from July to September 16, 2017 packing vegetables, planting broccoli and cauliflower, and harvesting corn and thus was entitled to the $12.38 AEWR wage rate for 2017 for corresponding work, not the $9.70 wage rate at which Defendants paid him. He also alleges he was not reimbursed for his transportation costs to and from Puerto Rico. Mr. Cosme Colon also asserts his working hours were reduced by Defendants while the working hours of Defendants' H-2A's workers were above 10 hours per day. Defendants state, in contradiction to Plaintiffs' assertions, this Plaintiff abandoned his employment on August 21, 2017 and provided a copy of Plaintiff's abandonment form signed by Cosme Colon as Henry Affidavit Exh. LL (Dkt. 17-53) stating Plaintiff left his employment without notice to Defendants. Further, a perusal of Plaintiffs' time cards indicate Plaintiff worked 35.33, 59.52, 53.65, 47.73, 73.12 and 27.08 hours for each

weekly pay period during 2017 commencing July 18, 2017 and ending August 22, 2017 contradicting Plaintiffs' assertions. Henry Affidavit Exh. W (Dkt. 17-23).

Defendants also present documents regarding a U.S. DOL audit of Defendants' operations, particularly whether Defendants discriminated against Defendants' domestic workers by favoring Defendants' H-2A workers, covering the period September 2016 through September 9, 2018. Henry Affidavit Dkt. 17 ¶¶ 30-36; Exh. F, Dkt. 17-6. Specifically, the U.S. DOL found only one violation by Defendants during that period based on Defendants' failure to reimburse six domestic workers, not including Plaintiffs, who were in corresponding employment, as provided in 20 C.F.R. § 655.103 ("§ 655.103"), *i.e.*, similar to that performed by Defendants' H-2A workers, for travel expenses in violation of 20 C.F.R. 655.122(h)(1). This violation was promptly rectified by Defendants making the requirement payments. Henry Affidavit ¶ 33.

## DISCUSSION

Where a party is required to respond to a motion for summary judgment without the opportunity for typical discovery, whether to grant such party discovery pursuant Fed.R.Civ.P. 56(a)(1), (2) requires a showing that "it cannot present facts essential to justify its opposition." The requesting party must describe: "(1) what facts are sought and how they are to be obtained; (2) how these facts are reasonably expected to raise genuine issue of material fact; (3) what efforts the [party] has made to obtain them; and (4) why the [party's] efforts were unsuccessful." *Gualandi v. Adams*, 385 F.3d 236, 244 (2nd Cir. 2004). A Rule 56(d)(1) request should ordinarily be granted where plaintiff has conducted no discovery. *See, Czerw v. Ronald Billitier Elec., Inc.*, 2005 WL 1159425,

at *8 (W.D.N.Y. May 17, 2005).  The ultimate question for the court is whether the party requesting Rule 56(d)(1) discovery had a "fair opportunity" to oppose the opponent's summary judgment motion.  *Czerw*, 2005 WL 1159425, at *8.  Whether to grant such discovery is discretionary with the court.  *Id.* at *7.  Here, Plaintiffs' claims center around Plaintiffs' allegations of Defendants' violations of the AWPA, in particular, whether Defendants' representations to Plaintiffs in 2017 regarding the availability and terms of H-2A work at Defendants' farm complied with the requirements of the AWPA, Dkt. 58 at 7, and whether Plaintiffs engaged in corresponding employment, the same work, such as planting and harvesting field work, performed by H-2A workers such that Plaintiffs were thus entitled to the same AEWR 2017 pay rate of $12.38 per hour and other benefits that would also have accrued, as required by § 655.103, including reimbursement for Plaintiffs' in-bound and out-bound travel expenses.

While Defendants provide document-based evidence that Defendants' 2017 H-2A job descriptions were read to Plaintiffs, prior to Plaintiffs' declinations of H-2A field work, like Defendants' other domestic workers, in English and Spanish and that Plaintiffs, like the other domestic workers, were given the opportunity to read the descriptions in Spanish, Plaintiffs nevertheless point out the need to fill in "gaps" in Defendants' submissions and therefore argue Defendants' documents may not include all of the descriptive information actually given to Plaintiffs in complying with this requirement (Dkt. 58 at 8) (referencing Henry Affidavit Dkt. 17 ¶ 26 (Dkt. 17-11) (Plaintiffs were "given <u>details</u> about [farm worker] job duties, work days and time, pay rate, experience requirements . . . <u>and more</u>.")).  However, Defendants do not provide documents covering such other "details."  Plaintiffs have thus sufficiently indicated the

facts, *i.e.*, details of Defendants' representations to Plaintiffs, needed to fairly oppose

Defendants' motion and because discovery has been stayed Plaintiffs have not had a

reasonable opportunity to elicit such essential information.  Plaintiffs therefore may seek

discovery specifically aimed at obtaining such details in order to 'fill in' the resultant

potential "gaps."  For example, while Defendants' business records, which detail the

hours worked by Plaintiffs and Defendants' H-2A workers, appear to demonstrate the

absence of any discrimination, contrary to Plaintiffs' assertions, with regard to hourly

pay rates and hours of work on a weekly basis during the 2017 season, the court notes

that Defendants' submissions included records described as Work Statements for

Defendants' H-2A workers which purport to record the daily hours worked by each H-2A

worker during the 2017 growing season as well as a summary "description" of the type

of work performed by each worker such as "harvesting."  Henry Affidavit Exh. X, Dkt.

17-24 (Exh. X-1 – X-9).  However, based on the court's review of Defendants' exhibits

no similar Work Statements (referred to by Mr. Henry as Time Reports, *supra*, at 9)

providing such daily work details for Plaintiffs during the 2017 season were submitted.

Accordingly, in order to provide Plaintiffs with a fair opportunity to oppose Defendants'

summary judgment as to whether, as Plaintiffs claim, Plaintiffs engaged in

corresponding work, *i.e.*, field work performed during 2017 growing season by H-2A

workers, thus making Plaintiffs entitled, regardless of whether Plaintiffs had initially

declined Defendants' H-2A job offer, to AEWR pay for such corresponding work,

Plaintiffs should be allowed to seek Defendants' business records and conduct

depositions of Daniel Henry, Mark Henry and Defendants' manager Nelson Leon, which

may corroborate Plaintiffs' assertions.  As a related issue, Plaintiffs assert, Dkt. 58 at

17, that Defendants' field supervisors maintained "log books" which also may provide evidence of the extent to which Plaintiffs may or may not have been required to engage in corresponding work such as harvesting corn, as Plaintiff Reyes alleges, Dkt. 58-1 ¶ 15 ("I frequently <u>harvested</u> <u>corn</u>.").

Plaintiffs also request discovery directed to the extent of Defendants' obligation to advertise available work in areas, where Defendants typically had previously obtained Defendants' domestic seasonal farm workers, for the 2017 season as required by § 1188(b)(4) and 20 C.F.R. § 655.153, particularly, as in this case, Puerto Rico. Dkt. 58 at 9. Defendants have submitted documentation purporting to show Defendants' compliance with this requirement, Henry Affidavit Exhs. G & H, Dkt. 17-7 & 8, which may serve to limit Defendants' evidence of such compliance in support of summary judgment to these submissions to Plaintiffs' advantage. Nevertheless, the court, in its discretion, finds further discovery, including depositions, directed to this issue is reasonably necessary to enable Plaintiffs to fairly oppose Defendants' motion on this issue. However, the court declines to require production of all Defendants' domestic and H-2A employee time cards for 2017 and 2018 to show that Plaintiffs were engaged in corresponding work as Plaintiffs request. Dkt. 58 at 18. Plaintiffs posit that by comparing the actual start and stop times indicated in these records it will be possible to show the existence of such overlapping work. However, even if the time cards indicated overlapping working hours between Plaintiffs and H-2A workers, such overlap would not necessarily establish Plaintiffs in fact performed the same work as H-2A workers on those occasions.

With regard to Plaintiffs' claim of inadequate housing, sanitation, and access to fresh water, Defendants' document submissions appear to exhaust Defendants' ability to respond to Plaintiffs' document production requests pertaining to these claims negating the necessity to permit further document discovery and deposition practice directed to Defendants as to these claims.

Regarding Plaintiffs' claims that certain Plaintiffs were pressured into signing an abandonment of employment form such as Plaintiffs Hector Ivan Burgos Rivero who asserts he was subject to such pressure, Dkt. 58-3 ¶ 20, or that certain Plaintiffs, such as Plaintiff Diaz Reyes, contrary to Defendants' contention, were not properly discharged for cause, while it is unlikely Defendants maintain possession of any documents which could be responsive to Plaintiffs' requests directed to these issues, in order to eliminate any doubt with regard to their existence, the court will allow Plaintiffs to pursue document discovery directed to these subjects.

Plaintiffs also request discovery be permitted on the U.S. DOL investigation or audit of Defendants. Dkt. 57 at 8. Plaintiffs particularly seek disclosure of Defendants' internal communications and others including the DOL regarding the investigation to obtain a more complete picture of the scope of the investigation and its limits. However, such an exercise would amount to an attempt to reconstruct communications involving numerous persons over a period of approximately 25 months, time-consuming effort without any preliminary showing that Defendants may have obstructed the investigation through lack of cooperation or by providing falsified or misleading information to the DOL. Nevertheless, the court will permit production from Defendants of any internal

non-privileged documents maintained by Defendants which were created by Defendants in response to the investigation.

Plaintiffs also request discovery for purposes of whether Defendant Henry Realty Associates, Inc. ("Henry Realty") is also an employer of Plaintiffs. Dkt. 57 at 8. However, although such joint employment may, despite that Defendants' numerous payroll record which are in the name of Defendant W.D. Henry & Sons only, in fact may be the case (the court notes Defendant Daniel Henry avers he is also president of Henry Realty, Dkt. 17 ¶ 1), the court finds that this question is too tangential to Plaintiffs' primary claim of AWPA, related H-2A program violations, and Plaintiffs' alleged FLSA and state law violations to warrant discovery at this time particularly as it would also be potentially time-consuming involving consideration of issues of maintaining corporate form, business finances, and day-to-day management operation. Accordingly, the court finds that discovery addressing this issue should be deferred pending the outcome of Defendants' motion for summary judgment. Should Plaintiffs succeed in defeating Defendants' motion, Plaintiffs may renew Plaintiffs' request regarding this issue.

To summarize, the court finds Plaintiffs' Rule 56(d)(2) discovery requests should be limited to the following subjects:

A.    <u>Documents</u>.

(1)    The extent and adequacy of Defendants' notice to Plaintiffs and other domestic workers of available seasonal farm work and related recruitment efforts for the 2017 season.

(2)    Defendants' representations to Plaintiffs and domestic workers regarding the availability of agricultural work at Defendants' farm for the 2017 season.

(3)     The extent, if any, to which Plaintiffs engaged in corresponding employment with Defendants' H-2A workers at Defendants' farm during the 2017 season.

(4)     The circumstances regarding Plaintiffs' alleged terminations for cause or abandonment of employment with Defendants during the 2017 season.

(5)     The basis for the admissibility, required by Fed.R.Evid. 803(6), of Defendants' records submitted in support of summary judgment.

(6)     The U.S. DOL investigation of Defendants' operations to the extent provided herein.

B.     <u>Depositions</u>.

With respect to Plaintiffs request for depositions, Plaintiffs may, following completion of document discovery to the extent permitted herein, conduct, pursuant to Fed.R.Civ.P. 30, depositions of Defendants Daniel M. Henry and Mark C. Henry with respect to any of the subjects, (1)-(6), as to which the court has permitted document discovery as stated above.

C.     <u>Non-Party Discovery</u>.

Plaintiffs may further conduct, pursuant to Fed.R.Civ.P. 45 ("Rule 45"), depositions of Bette W. Henry with respect to subjects Nos. 5 and 6, above, Nelson Leon with respect to subjects Nos. 1, 2, 3, 4 and 6, above, and MAS Labor H-2A, LLC with respect to subjects Nos. 1 and 2, above, and obtain production of any related documents by subpoena in accordance with Rule 45.

## CONCLUSION

Based on the foregoing, Plaintiffs Request (Dkt. 58) is GRANTED in part and DENIED in part.  Plaintiffs' document requests as permitted herein shall be served <u>within</u> 10 <u>days</u>.  Depositions of Defendants Daniel Henry and Mark Henry shall be conducted <u>within</u> 30 <u>days</u> after the completion of Plaintiffs' document discovery as permitted herein.  The parties shall agree in writing upon a schedule for the conduct of non-party depositions of Bette Henry, Nelson Leon, and MAS Labor H-2A, LLC, together with any related document production in accordance with Rule 45, following the completion of Plaintiffs' document discovery and depositions of Defendants Daniel and Mark Henry as permitted herein.  Such written agreement, or, in the event the parties are unable to agree, each party's proposed schedule for such non-party discovery, shall also be filed with the court <u>within</u> 10 <u>days</u>.  Pending the completion of proceedings pursuant to Rule 56(d)(2) as provided by the foregoing, further proceedings for the disposition of Defendants' motion for summary judgment (Dkt. 15) are hereby held in abeyance pursuant to Rule 56(d)(1).  The parties shall notify the court when the Rule 56(d)(2) proceedings as provided by this Decision and Order are complete so that further briefing on Defendants' motion may be scheduled.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated:  April 18, 2019
Buffalo, New York